USAMA KAHF (SBN 266443)
ukahf@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

DARCEY M. GRODEN (SBN 296492)
dgroden@fisherphillips.com
XUAN ZHOU (SBN 333504)
xzhou@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
AUTONATION, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MIKE XAVIER individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

AUTONATION, INC.,

Defendant.

CASE NO.: 5:25-cv-00731-AB-DTB

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AUTONATION, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

*[Filed Concurrently with the Notice of Motion, Memorandum of Points and Authorities, Declarations of Beth Fergus and Darcey M. Groden, and [Proposed] Order]*

Date: May 1, 2026
Time: 10:00 A.M.
Crtrm: 7B
Judge: André Birotte Jr.

Complaint Filed: March 24, 2025
FAC Filed: June 23, 2025
SAC Filed: February 4, 2026
Trial Date: None

Pursuant to Federal Rule of Evidence 201, Defendant AutoNation, Inc. ("Defendant") respectfully requests the Court take judicial notice of the following documents in support of its Motion to Dismiss Plaintiff Mike Xavier's Second Amended Complaint ("SAC"). Judicial notice of the following document can be "accurately and readily determined" from the exhibits attached hereto and the accuracy of those exhibits "cannot reasonably be questioned." Fed. R. Evid. 201.

1. **Exhibit A** – A true and correct copy of the publicly available Privacy Policy from https://www.invoca.com/privacy-policy (lasted visited March 5, 2026) effective since August 4, 2025, which is cited by Plaintiff in the SAC at Para. 25, footnote 12, filed on February 4, 2026. A court can consider certain materials, such as documents incorporated by reference into a complaint, "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[]" without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, Plaintiff specifically cites Defendant's Privacy Policy in his SAC as the factual basis for his allegations that Invoca used his personal information to "improve, operate, maintain, and [] market the Invoca Platform" and "conduct internal research in order to enhance the Invoca Platform and Services." (SAC ¶ 25). Additionally, a court can take judicial notice of a privacy policy when it is publicly available online and its existence cannot be denied. *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1065, 1068 n.3 (N.D. Cal. 2017).

2. **Exhibit B** – A true and correct copy of AutoNation, Inc.'s 2025 Annual Report (Form 10-K) filed with the U.S. Securities and Exchange Commission (SEC) on February 16, 2026, available in the SEC's EDGAR database at https://www.sec.gov/ix?doc=/Archives/edgar/data/0000350698/000162828026007800/an-20251231.htm. (last visited March 5, 2026). SEC filings are subject to judicial notice. *Drieling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Hybrid Fin. Ltd. v. Hammitt, Inc.*, No. 2:22-CV-08635-DSF-MRW, 2023 WL 9319022, at *2 (C.D. Cal. Dec. 14, 2023).

3. **Exhibit C** – A true and correct copy of Roseville Motor Corporation's Articles of Incorporation filed with California State of Secretary on January 3, 1984, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search for "Roseville Motor Corporation"; click on the link for "Roseville Motor Corporation (1235758)"; click on the link "View History"; and click on "Initial Filing – 1/3/1984". Articles of incorporation are subject to judicial notice. *Mirage v. Costco Wholesale Corp.*, No. 2:25-cv-04856-AH-(SKx), 2025 WL 2201070, at *1 n.1 (C.D. Cal. July 31, 2025).

4. **Exhibit D** – A true and correct copy of Roseville Motor Corporation's Certificate of Amendment of Articles of Incorporation filed with California State of Secretary on April 20, 1984, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search for "Roseville Motor Corporation"; click on the link for "Roseville Motor Corporation (1235758)"; click on the link "View History"; and click on "Amendment – 4/20/1984". Articles of incorporation are subject to judicial notice. *Mirage*, 2025 WL 2201070, at *1 n.1.

5. **Exhibit E** – A true and correct copy of Roseville Motor Corporation's Restated Articles of Incorporation filed with California State of Secretary on June 29, 2001, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 4, 2026). Search for "Roseville Motor Corporation"; click on the link for "Roseville Motor Corporation (1235758)"; click on the link "View History"; and click on "Restated Articles of Incorporation – 6/29/2001". Articles of incorporation are subject to judicial notice. *Mirage*, 2025 WL 2201070, at *1 n.1.

6. **Exhibit F** – A true and correct copy of Roseville Motor Corporation's Statement of Information filed with California State of Secretary on September 12, 2025, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search for "Roseville Motor Corporation"; click on the link for "Roseville Motor Corporation (1235758)"; click on the link "View History"; and click on

"Statement of Information – 9/12/2025". Statements of information are subject to judicial notice. *Rothschild v. Gildred*, No. 23-cv-02105-LJC, 2025 WL 689722, at *3 (N.D. Cal. Mar. 4, 2025); *G & G Closed Circuit Events, LLC v. Macias*, No. 20-cv-02916-SVK, 2020 WL 8669824, at *2 (N.D. Cal. Nov. 19, 2020).

7. **Exhibit G** – A true and correct copy of Roseville Motor Corporation's Statement of Information filed with California State of Secretary on December 16, 2025, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search for "Roseville Motor Corporation"; click on the link for "Roseville Motor Corporation (1235758)"; click on the link "View History"; and click on "Statement of Information – 12/16/2025". Statements of information are subject to judicial notice. *Rothschild*, 2025 WL 689722, at *3; *G & G Closed Circuit Events, LLC*, 2020 WL 8669824, at *2.

8. **Exhibit H** – A true and correct copy of Auto Car, Inc.'s Articles of Incorporation filed with California State of Secretary on May 20, 1987, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search for "Auto Car, Inc."; click on the link for "Auto Car, Inc. (1588037)"; click on the link "View History"; and click on "Initial Filing – 5/20/1987". Articles of incorporation are subject to judicial notice. *Mirage*, 2025 WL 2201070, at *1 n.1.

9. **Exhibit I** – A true and correct copy of Auto Car, Inc.'s Restated Articles of Incorporation filed with California State of Secretary on June 29, 2001, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search for "Auto Car, Inc."; click on the link for "Auto Car, Inc. (1588037)"; click on the link "View History"; and click on "Restated Articles of Incorporation – 6/29/2001". Articles of incorporation are subject to judicial notice. *Mirage*, 2025 WL 2201070, at *1 n.1.

10. **Exhibit J** – A true and correct copy of Auto Car, Inc.'s Statement of Information filed with California State of Secretary on May 6, 2025, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search

for "Auto Car, Inc."; click on the link for "Auto Car, Inc. (1588037)"; click on the link "View History"; and click on "Statement of Information – 5/6/2025". Statements of information are subject to judicial notice. *Rothschild*, 2025 WL 689722, at *3; *G & G Closed Circuit Events, LLC*, 2020 WL 8669824, at *2.

11. **Exhibit K** – A true and correct copy of Auto Car, Inc.'s Statement of Information filed with California State of Secretary on September 23, 2025, available at https://bizfileonline.sos.ca.gov/search/business (last visited March 5, 2026). Search for "Auto Car, Inc."; click on the link for "Auto Car, Inc. (1588037)"; click on the link "View History"; and click on "Statement of Information – 9/23/2025". Statements of information are subject to judicial notice. *Rothschild*, 2025 WL 689722, at *3; *G & G Closed Circuit Events, LLC*, 2020 WL 8669824, at *2.

12. **Exhibit L** – A true and correct copy of the publicly available Master Services and Subscription Agreement and Terms of Service from https://www.invoca.com/master-services-and-subscription-agreement (last visited March 5, 2026) effective since December 2025, which is cited by Plaintiff in the SAC at Para. 13, footnote 3, filed on February 4, 2026. A court can consider certain materials, such as documents incorporated by reference into a complaint, "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[]" without converting the motion to dismiss into a motion for summary judgment. *Ritchie*, 342 F.3d at 908. Here, Plaintiff specifically cites the Master Services and Subscription Agreement and Terms of Service in his SAC as the factual basis for his allegations that "[t]he contract for the call recording services at issue is [] governed by California law and both Invoca and Autonation agreed that 'the superior or district court in Los Angeles County, California' was the exclusive venue for any litigation involving their contract for the services at issue." (SAC ¶ 13). Additionally, a court can take judicial notice of online terms and agreements when they are publicly available online and their existence cannot be denied. *CinemaCloudWorks, Inc. v. Comscore, Inc.*, No. 2:25-cv-04471-AB-BFM, 2026 WL

84020, at *4 (C.D. Cal. Jan. 6, 2026); *Niedziela v. Viator, Inc.*, No. 8:24-cv-01224-JWH-JDE, 2025 WL 2732916, at *3 (C.D. Cal. Sept. 25, 2025).

13. **Exhibit M** – A true and correct copy of the complaint in *Lien v. Talkdesk, Inc*, No. 24-cv-06467 (N.D. Cal. Feb. 19, 2025), ECF No. 1, available on the Northern District Court of California's docket through PACER at https://pacer.uscourts.gov. Pleadings from the docket of a case in federal court are properly subject to judicial notice. *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996).

14. **Exhibit N** – A true and correct copy of the Invoca blog, posted at this URL: https://www.invoca.com/blog/ci-hero-matteo-togni, which is cited by Plaintiff in the SAC at Para. 27, footnote 15. Plaintiff cites to this blog post for the premise that "AutoNation utilized Invoca's marketing attribution, signal building, and conversion analytics features." (SAC ¶ 27 n.15.) The blog post is incorporated by reference and therefore properly subject to judicial notice. *Ritchie*, 342 F.3d at 908. Additionally, the court may take judicial notice of material on websites. *Novation Solutions, Inc.*, 2023 WL 6373871, at *14. The specific content quoted in the SAC is no longer available on the live webpage but is accessible through the Internet Archive (Wayback Machine), available at https://web.archive.org/web/20220525175939/https://www.invoca.com/customers/autonation (reflecting the page as of July 15, 2022). A true and correct copy of the archived version is attached hereto as Exhibit N. Webpages archived through the Wayback Machine may be judicially noticed. *Hall v. HP, Inc.*, No. 8:24-cv-02507-DOC-KES, 2025 WL 1711443, at *4 (C.D. Cal. Apr. 23, 2025); *Hybrid Fin. Ltd.*, 2023 WL 9319022, at *2.

15. **Exhibit O** – A true and correct copy of the Invoca customer webpage, available at: https://www.invoca.com/customers/autonation, which is quoted by Plaintiff in the SAC at Para. 29 and cited in footnote 18. Plaintiff quoted language stating that "Invoca automatically records and transcribes each inbound call, and

AutoNation uses these insights to identify sales agents' weaknesses and coach them to improve their performance." (SAC ¶ 29 n. 18). The webpage is incorporated by reference and therefore properly subject to judicial notice. *Ritchie*, 342 F.3d at 908. Additionally, the court may take judicial notice of material on websites. *Novation Solutions, Inc.*, 2023 WL 6373871, at *14. The specific content quoted in the SAC is no longer available on the live webpage but is accessible through the Internet Archive (Wayback Machine), available at https://web.archive.org/web/20220525175939/https://www.invoca.com/customers/autonation (reflecting the page as of May 25, 2022). A true and correct copy of the archived version is attached hereto as Exhibit P. Webpages archived through the Wayback Machine may be judicially noticed. *Hall*, 2025 WL 1711443, at *4; *Hybrid Fin. Ltd.*, 2023 WL 9319022, at *2.

16. **Exhibit P** – A true and correct copy of the publicly available Terms of Service from https://www.invoca.com/terms-of-service last updated April 1, 2019, and publicly accessible on the Internet. A court can take judicial notice of terms of use when it is publicly available online and its existence cannot be denied. *Opperman*, 205 F. Supp. 3d at 1068 n.3; *CinemaCloudWorks, Inc.*, 2026 WL 84020, at *4. Additionally, a court can consider certain materials, such as documents incorporated by reference into a complaint, "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[]" without converting the motion to dismiss into a motion for summary judgment. *Ritchie*, 342 F.3d at 908 (9th Cir. 2003). Here, Plaintiff specifically cites Defendant's Privacy Policy (RJN, Ex. A) in his SAC as the factual basis for his allegations that Invoca used his personal information to "improve, operate, maintain, and [] market the Invoca Platform" and "conduct internal research in order to enhance the Invoca Platform and Services." (SAC ¶ 25). The Privacy Policy itself references and incorporates the Terms of Service (specifically, under the Privacy Policy's "Disclosure and Sharing of Personal Data," it states that Invoca may disclose

personal information "[t]o enforce or apply our terms of use and other agreements, including for billing and collections purposes").

Dated: March 6, 2026 FISHER & PHILLIPS LLP

By: */s/ Usama Kahf*
USAMA KAHF
DARCEY M. GRODEN
XUAN ZHOU
Attorneys for Defendant
AUTONATION, INC.